ECONOMY FUSE.& MFG. CO. v. CHICAGO FUSE MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1926. Rehearing Denied June 4, 1926.)

No. 3557.

Patents ⬤⇒328.

Patent No. 1,129,459, for cartridge fuse, held not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Economy Fuse & Manufacturing Company against the Chicago Fuse Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

Henry M. Huxley, of Chicago, Ill., for appellant.

Lincoln B. Smith, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. The District Court found noninfringement of claims 2 and 4 of plaintiff's (appellant's) patent No. 1,-129,459. We will consider the broader claim 4:

"4. In a cartridge fuse, the combination of a shell, and end cap fitting over each end of said shell, and a helically disposed venting passage cut in the exterior surface of said shell at each end thereof, whereby the gases formed by the blowing of the fuse will escape through said passages to the atmosphere."

The sole reference to a "helically disposed venting passage" in the specification follows the statement of the objects and the description of the invention, and is as follows: "In order to allow the gases generated by a violent blowing of the fuse to gradually escape, I preferably employ, near each end of the shell 10, the helical venting passage 23, which causes the gases to become materially cooled before reaching the atmosphere."

From 23 in Figure 2 is a line to a dot, among the cross-hatching and on the outer side of a longitudinal cross-section of the shell 10. This is the only reference to or description of any "helically disposed venting passage." These claims were rejected on McCarthy, No. 745,969, dated December 1, 1903, in view of Sargent, No. 1,001,694, dated August 29, 1911. After some further argument, the Patent Office allowed the claims. We do not determine the validity of the claims.

Plaintiff never made the device of the patent, but fastened the cap to the shell, or a ferrule on the shell, by means of a shallow thread on the inside of the cap, which screwed into the slightly deeper thread on the shell, or ferrule. The evidence clearly establishes the manufacture and sale of many such renewable cartridge fuses by Gehrke more than two years prior to application for plaintiff's patent, except that Gehrke got his vent by loose-fitting threads. More than two years before plaintiff's patent was applied for, plaintiff and others manufactured and sold a similar cartridge fuse, in which there was more or less looseness of the threads—however, with no intent to provide a vent.

One of the main objects in making such cartridge fuses is that they may be readily assembled and disassembled without tools, merely by using the fingers, which requires a looseness in the threads. It is a matter of common knowledge that the joints between such threads cannot, practically or economically, be made either water or air tight, and, if so made, would not admit of finger adjustments. The evidence does not show that the threads in the cap and on the ferrule of defendant's fuses were looser than necessary or usual in such construction to permit of finger adjustment.

We are of opinion that there was no infringement, and the decree is affirmed.